134 F.3d 104
 Allan Bruce HEMMINGS, Plaintiff-Appellant,
v.
John F. GORCZYK, Commissioner, Vermont Department of
Corrections; Keith Tallon, Southwest Regional Correctional
Facility; Keith Griffin, Supervisor; Thomas Terencini,
Supervisor; Dorothy Day, Correction Officer; Officer
Cripps, Correction Officer; Officer Ball, Correction
Officer; Thomas Griffin, Education Center Director; Dr.
Stickney, Medical Officer; Donna Young, Medical Department
Nurse; Robert J. Wallett, Supervisor; Scott Baker, Asst.
Supt.; Nurse Marsha, Medical Department; Mid-Vermont
Orthopaedics, Inc.; Joseph Vargas, M.D.; Rutland Regional
Medical Center, 160 Allen Street, Rutland, Vermont,
Defendants-Appellees.
 No. 226, Docket 96-3703.
 United States Court of Appeals,
Second Circuit.
 Submitted Oct. 6, 1997.
Decided Jan. 16, 1998.
 
 Allan Bruce Hemmings, Middletown, CT, Plaintiff-Appellant pro se.
 Donal F. Hartman, Jr., Assistant Attorney General, Department of Corrections, Waterbury, VT (William H. Sorrell, Attorney General of the State of Vermont, of counsel), for Defendants-Appellees Gorczyk, Tallon, Keith Griffin, Terencini, Day, Cripps, Ball, Thomas Griffin, Young, Wallett, Baker, and Marsha Doe.
 David L. Cleary, Rutland, VT, for Defendants-Appellees Mid-Vermont Orthopaedics, Inc. and Joseph Vargas, M.D.
 Allan R. Keyes, Ryan Smith & Carbine, Ltd., Rutland, VT, for Defendant-Appellee Rutland Regional Medical Center.
 Before: KEARSE, MINER, and CABRANES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Allan Bruce Hemmings, pro se, appeals from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, Chief Judge ), dismissing his in forma pauperis civil rights complaint as frivolous under 28 U.S.C. § 1915. Hemmings claims, among other things, that the defendants violated his constitutional rights through their deliberate indifference to his serious medical needs. Apart from this claim of deliberate indifference, his complaint and his subsequent voluminous filings are replete with allegations of conspiracies to harm and harass him and his family, involving, among many others, the Central Intelligence Agency (where Hemmings was previously employed) and the Federal Bureau of Investigation.
 
 
 2
 Despite these other claims, which we find to lack foundation and which are fanciful at best, Hemmings has alleged facts sufficient to support a colorable Eighth Amendment claim of deliberate indifference that is deserving of further factual development. Although we affirm so much of the judgment of the district court as dismissed the bulk of Hemmings' claims, we vacate the district court's dismissal of Hemmings' complaint on the issue of deliberate indifference and remand the case for further proceedings consistent with this opinion and limited to that issue.
 
 I.
 
 3
 On May 28, 1993, Hemmings was arrested in Vermont on a Connecticut arrest warrant charging him with violation of a court restraining order and with the crime of stalking. Following the exhaustion of his state court appeals, on June 7, 1994, he was extradited to Connecticut. In the interim, he filed this cause of action under 42 U.S.C. § 1983 in the district court in Vermont, alleging civil rights violations during his period of confinement in the Southwest Regional Correctional Facility in Rutland, Vermont ("Southwest").[1] We limit our discussion to what we believe to be Hemmings' one colorable constitutional claim--namely, that the defendants deliberately ignored his serious medical needs in violation of the Eighth Amendment.
 
 
 4
 Hemmings' complaint alleges the following pertinent facts with respect to his medical treatment, which for purposes of this appeal only we consider in the light most favorable to Hemmings. See McEvoy v. Spencer, 124 F.3d 92, 95 (2d Cir.1997). On July 11, 1993, during a game of basketball, another inmate jumped up and landed on Hemmings' ankle, rupturing his Achilles tendon. Prison medical staff diagnosed the injury as a "bad sprain" that would go away, allegedly ignoring the severity of the condition. From mid-July until mid-September 1993, Hemmings' ankle remained swollen and painful, but despite Hemmings' repeated requests he was denied a referral to a specialist. Hemmings' ankle was x-rayed twice, revealing no fractures, but Hemmings allegedly was ignored--and no further diagnostic measures were pursued--when he told prison medical staff that he was sure he had a ruptured Achilles tendon and tissue damage. In August 1993, a prison nurse who is one of the defendants in this action, Donna Young, is alleged to have maliciously taken away one of Hemmings' crutches, causing him to have to place more weight on his injured ankle and allegedly resulting in additional pain and swelling.
 
 
 5
 After receiving a letter from Hemmings' brother regarding Hemmings' condition, the medical staff finally sent Hemmings to see an orthopedic specialist, Dr. Joseph Vargas, at Mid-Vermont Orthopaedics Center ("MVO"). Dr. Vargas diagnosed Hemmings as having a ruptured Achilles tendon with associated tendon and muscle damage. He allegedly called Hemmings' symptoms (which included, according to Hemmings, a three-inch indentation in the affected area) "classic," and expressed shock at the prison's failure to diagnose and treat Hemmings. Hemmings underwent surgery, performed by Dr. Vargas, at Rutland Regional Medical Center ("RRMC") in October 1993. At an October 25, 1993 check-up, Dr. Vargas noticed that Hemmings' leg was infected, and ordered Hemmings to be rehospitalized.
 
 
 6
 Hemmings' complaint names the following defendants: John Gorczyk, Commissioner of the Vermont Department of Corrections; Keith Tallon, Superintendent of Southwest; Scott Baker, Assistant Superintendent of Southwest; Keith Griffin, Thomas Terencini, and Robert Wallett, supervisors at Southwest; correctional officers Day, Cripps, and Ball; Thomas Griffin, director of Southwest's Education Center; and Dr. Stickney and nurses Donna Young and Marsha Doe of Southwest's medical staff (collectively, the "State Defendants"). An amendment to Hemmings' complaint also named Dr. Vargas, MVO, and RRMC.
 
 
 7
 In January 1994, RRMC moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Subsequently, in June 1994, Vargas and MVO moved for summary judgment. On August 4, 1994, the United States Magistrate Judge to whom the case had been referred filed a report recommending that both motions be granted, inasmuch as Hemmings had alleged mere negligence on the part of these defendants, and not the deliberate indifference necessary to state a constitutional violation. United States District Judge Franklin S. Billings, Jr., who then bore responsibility for this matter, adopted the recommendations and remanded the case to the Magistrate Judge for disposition of any remaining claims.[2]
 
 
 8
 The State Defendants then moved to dismiss the complaint, arguing that to the extent that Hemmings' claims were brought against them in their personal capacities, they should be dismissed because service had not been effected upon them in their personal capacities; that they were immune under the Eleventh Amendment from any claims for damages brought against them in their official capacities; and that Hemmings' request for injunctive relief was moot because he had been extradited to Connecticut.
 
 
 9
 By an order dated August 28, 1996, Chief Judge Murtha, to whom the case had been reassigned, dismissed the case against the State Defendants. He observed that the State Defendants "ha[d] not relied upon Fed.R.Civ.P. 12(b)(6) as a basis for their motion to dismiss," but that the court had the power, under 28 U.S.C. § 1915(d) (1994),[3] to dismiss an in forma pauperis complaint that is "frivolous or malicious." The court found that Hemmings had not sufficiently alleged deliberate indifference to his medical needs to establish a constitutional violation, and discredited Hemmings' "disturbing allegations" of far-flung and far-fetched conspiracies to violate his constitutional rights. The court therefore dismissed the complaint pursuant to § 1915(d). Plaintiff now appeals.
 
 II.
 
 10
 We affirm the district court's dismissal of Hemmings' suit against RRMC, Vargas, and MVO. RRMC and MVO are improper defendants, inasmuch as the only conceivable responsibility that could be attributed to them for any arguable constitutional injury suffered by Hemmings would be under a theory of respondeat superior in connection with actions taken by Dr. Vargas. However, respondeat superior cannot form the basis for a § 1983 claim. See Collins v. City of Harker Heights, 503 U.S. 115, 122-23, 112 S.Ct. 1061, 1067, 117 L.Ed.2d 261 (1992); Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir.1997). Moreover, Hemmings' claims of inadequate treatment at RRMC and MVO, and by Dr. Vargas, are at most claims of negligence, which fall short of the "deliberate indifference" to serious medical needs required to establish an Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.1996).
 
 
 11
 With respect to the State Defendants, we affirm the district court's dismissal of Hemmings' in forma pauperis complaint under 28 U.S.C. § 1915(d) insofar as Hemmings attempts to implicate these defendants in wide-ranging conspiracies, clearly without foundation, to violate his constitutional rights. The federal in forma pauperis statute, presently codified at 28 U.S.C. § 1915, is designed to provide indigent litigants meaningful access to the federal courts. Mindful of the fact that litigants who can file lawsuits free of cost will not have the same incentive as paying litigants to avoid filing meritless suits, Congress enacted § 1915(d), which authorized a court to dismiss a complaint filed in forma pauperis if it is "satisfied that the action is frivolous or malicious." "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). A district court need not rely on judicially noticeable facts contradicting a plaintiff's factual allegations in order to find them to be baseless. See Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Our review of the district court's dismissal of Hemmings' complaint under § 1915(d) is for abuse of discretion. See id. Based on our review of the record, we are persuaded that the district court did not abuse its discretion by refusing to indulge Hemmings' fanciful allegations.
 
 
 12
 Hemmings' claim of deliberate indifference to his medical needs by the State Defendants, however, should not have been dismissed under § 1915(d) inasmuch as Hemmings has advanced at least a colorable claim warranting further development of the facts. The standard for establishing an Eighth Amendment violation based on deliberate indifference to a prisoner's medical needs contains both an objective and a subjective prong. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists. Subjectively, the charged official must act with a sufficiently culpable state of mind." Hathaway, 99 F.3d at 553 (internal quotation marks and citations omitted). The required state of mind, equivalent to criminal recklessness, is that the official " 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)).
 
 
 13
 The district court believed that dismissal of the suit against the State Defendants under § 1915(d) was warranted because Hemmings received treatment for his injuries, and the fact that he disagreed with the treatment he was provided or that prison officials negligently diagnosed his condition does not suggest "deliberate indifference." While we agree that the fact that Hemmings received some medical attention, including two x-rays, substantially weakens his claim of deliberate indifference, we are not prepared to say that his claim is so completely devoid of merit as to justify dismissal at this early stage. Hemmings has alleged facts that could potentially show, upon further development, that his condition was sufficiently painful to satisfy the objective prong of the deliberate indifference test under the Eighth Amendment. He has also advanced a colorable claim that the defendants wilfully disregarded his condition,[4] which was easily observable, and which he complained about for almost two months before being referred to a specialist, who allegedly described his symptoms as "classic" and expressed shock at the prison medical staff's failure to diagnose and treat the injury. It is also possible that Hemmings could prove that Nurse Young acted with a sufficiently culpable state of mind when she aggravated his condition by allegedly taking away one of his crutches.
 
 III.
 
 14
 In sum, although we affirm so much of the district court's judgment as dismissed Hemmings' complaint on all issues unrelated to his deliberate indifference claim, we hold that Hemmings' claim against the State Defendants of deliberate indifference to his serious medical needs was prematurely dismissed, and warrants further factual development. We have considered all of Hemmings' other contentions, and find them to be without merit.[5] Accordingly, the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Hemmings later filed an identical complaint in Vermont state court, which case was removed to federal court. Subsequently, the district court ordered the two cases consolidated
 
 
 [2]
 Hemmings appealed the district court's order, but the appeal was dismissed by this Court for lack of jurisdiction because the order appealed from was not a final order. Hemmings v. Gorczyk, No. 94-2583 (2d Cir. Nov. 14, 1994)
 
 
 [3]
 Congress amended 28 U.S.C. § 1915 in 1996. Former subsection (d) was redesignated as subsection (e), which now provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious; ... fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (1996) (emphasis supplied). There is no indication in the statutory text that Congress intended this amendment to be applied retroactively to pending cases, but we need not resolve the question of retroactivity as the outcome of this appeal would be the same under either version of the statute
 
 
 [4]
 We note that Hemmings' complaint contains only minimal and vague references to the personal involvement of the various State Defendants other than Dr. Stickney and Nurse Young in exercising deliberate indifference to his medical needs. We reemphasize that respondeat superior cannot form the basis for a § 1983 claim, see, e.g., City of Harker Heights, 503 U.S. at 122-23, 112 S.Ct. at 1067, and that in order to prevail against any defendant in this action Hemmings will be obliged to prove that he or she was personally involved in the constitutional violation. The district court should require Hemmings to file a new amended complaint, limited to the claim of deliberate indifference, specifying the acts of which he complains as to each of the State Defendants. If, as to any such defendant, Hemmings fails to include an allegation which, if proven, would permit a reasonable trier of fact to infer that that individual was personally involved in the deliberate indifference to his medical needs, the district court may dismiss the complaint as to that individual. The new amended complaint should, of course, be "construe[d] ... liberally, applying less stringent standards than when a plaintiff is represented by counsel." Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir.1996) (internal quotation marks omitted)
 
 
 [5]
 We also express no opinion as to whether the State Defendants were properly served in their personal capacities, a question that the district court left open when it dismissed the case pursuant to § 1915(d) without addressing the arguments raised by the State Defendants in their motion to dismiss