**Russel J. IRBY, Plaintiff,**

v.

**Art FRISNIA, Jr., Evening Doctor, Cape Vincent Correctional Facility; Marcel Thibert, Nurse, Cape Vincent Correctional Facility; and Horace Thibert, Nurse, Cape Vincent Correctional Facility, Defendants.**

**No. 98–CV–1873(LEK)(RWS).**

United States District Court,
N.D. New York.

Sept. 25, 2000.

Russell James Irby, Rome, NY, pro se.

Darren O'Connor, AAG, Office of Atty. Gen., Albany, NY, for defendants.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Plaintiff's motion for summary judgment and Defendants' cross motion for summary judgment. For the reasons set forth below, Plaintiff's motion is DENIED and Defendants' motion is GRANTED.

### I. BACKGROUND

On December, 7, 1998, Plaintiff, an inmate residing at the Cape Vincent Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 claiming that he received inadequate medical treatment for an injury suffered on March 11, 1998. Plaintiff's complaint states that, on that date, he was playing basketball and injured the back of his right heel. Defendant Frisnia examined Plaintiff within an hour of his initial injury and concluded that, although the back of his heel was slightly swollen, he most likely sprained his ankle and treated him accordingly.

On March 14, 1998, Plaintiff returned to visit Defendant Frisnia during "Emergency Sick Call" to receive immediate care. He requested to see a Doctor ánd, although Defendant Frisnia noted additional swelling around Plaintiff's ankle, he denied this request because of his mistaken belief that Plaintiff had sprained his ankle. He directed Plaintiff to continue wearing his ace bandage. Additionally, he proceeded to file a disciplinary action against Plaintiff for misrepresenting his condition as "urgent."

On March 16, 1998 and March 23, 1998, Plaintiff reported to morning sick call and was examined by Defendant Thibert. At the March 16 examination, Defendant Thibert concluded that Plaintiff might have "pulled" his Achilles tendon. When Plaintiff exhibited little improvement on March 23, Defendant Thibert recommended that he see a physician.

Defendant Rosner, a physician, examined Plaintiff on March 25, 2000 and concluded that Plaintiff had either sprained or torn his Achilles tendon. He admitted Plaintiff to the infirmary and referred him to an outside orthopedic surgeon. An outside orthopedic surgeon examined Plaintiff on March 27, 1998 and concluded that Plaintiff had an acute Achilles tendon rupture (tear). The surgeon surgically repaired it that same day. Other than occasional nagging pain in the Achilles tendon area, Plaintiff has enjoyed a complete recovery from his injury.

Plaintiff moved for summary judgment pursuant to Fed.R.Civ.P. 56(b) on January 22, 2000 on the grounds that Defendants' actions in treating his torn tendon violated the Eighth Amendment. Defendants cross-moved for summary judgment on February 10, 2000.

### II. DISCUSSION

#### A. Standard of Review

The standard for summary judgment is well-established. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in a light most favorable to the nonmoving party. *See City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion"

and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial." *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

## B. Plaintiff's Eighth Amendment Claim

■ In order to establish an Eighth Amendment claim arising out of inadequate medical care, as made applicable to states by the Fourteenth Amendment, a prisoner must prove "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This standard includes both subjective and objective components. "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (citations omitted). Second, subjectively, the defendant "must act with a sufficiently culpable state of mind." *Id.* An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The Supreme Court has held that a showing of mere negligence "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment" and that "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106, 97 S.Ct. 285; *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir.2000) (citing *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) ("Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm.")).

■ As to whether the alleged deprivation of medical treatment at issue in this case was objectively serious, "in the sense that a condition of urgency, one that may produce death degeneration, or extreme pain exists," Plaintiff has alleged facts that could potentially show that his condition was sufficiently painful to satisfy the objective prong of the deliberate indifference test under the Eighth Amendment. *Hathaway*, 99 F.3d at 553; *see Hemmings v. Gorczyk*, 134 F.3d 104, 109 (2d Cir.1998) (stating that prison medical staff's misdiagnosis of a Plaintiff's torn Achilles tendon as a bad sprain while ignoring the severity of his condition could satisfy the objective prong of the deliberate indifference test).

Unfortunately, Plaintiff has not advanced sufficient evidence to indicate that the defendants acted with a sufficiently culpable state of mind to satisfy the deliberate indifference standard.[1] At no time did the Defendants refuse to treat Plaintiff. At most they are guilty of negligence in failing to initially diagnose his injury, but even this misdiagnosis was based on a reasonable, although incorrect, assessment of Plaintiff's condition. Consequently, this Court must deny Plaintiff's motion for

---

1. For example, in *Hemmings v. Gorczyk*, not only was the Plaintiff denied treatment for a period of almost two months, but a nurse aggravated his already serious condition by taking away one of his crutches. No such facts were provided in this case for the Court to allow the case to move forward.

summary judgment and grant summary judgment in favor of Defendants.

### III. CONCLUSION

For the reasons stated, it is hereby

ORDERED that Plaintiff's motion for summary judgment dismiss is DENIED; and it is further

ORDERED that Defendant's motion for summary judgment is GRANTED and that the case be DISMISSED in its entirety; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this Order on all parties by regular mail.

IT IS SO ORDERED.