**Mara MARTINEZ, Plaintiff,**

v.

**Dr. Sundaram RAVIKUMAR, M.D., Defendant.**

**No. 08 Civ. 7242.**

United States District Court, S.D. New York.

May 15, 2009.

Order Amending Opinion May 15, 2009.

Mara Martinez, Bronx, NY, pro se.

Daniel A. Schulze, Attorney General of the State of New York, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Mara Martinez ("Martinez") filed this action asserting a violation of her constitutional and statutory rights under 42 U.S.C. § 1983 ("§ 1983") in connection with injuries she allegedly suffered during an operation performed by defendant Dr. Sundaram Ravikumar ("Ravikumar"). At the time of the operation, Martinez was incarcerated at Taconic Correctional Facility ("TCF") in Bedford Hills, New York, a New York State prison. While the surgery was performed at Ravikumar's private office, he performed the surgery under contract with the State.

For the reasons discussed below, Martinez's complaint fails to state a claim upon which relief can be granted. Ravikumar's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is therefore GRANTED.

## I. *BACKGROUND* [1]

On February 2, 2007, Martinez was taken from TCF, where she was an inmate, to the Westchester Vein & Vascular Center ("WWC") for medical treatment. At WWC, Ravikumar performed what the plaintiff describes as a "vein stripping procedure" upon her left leg. (Complaint ¶ I.C.) During the procedure, Martinez was placed under local anesthesia. When the surgery was finished, Martinez alleges that "before the incision on [her] groin was being sutured, [her] leg jerked up because [she] felt as if something was being pulled out from the incision and it must have hit a nerve or something." (*Id.*) Martinez was discharged on the same day, and given post-operative care instructions.

Approximately two weeks after her surgery, Martinez went to a "sick call" appointment at TCF to complain about continued numbness in her upper left thigh.[2] TCF contacted Ravikumar, and on February 27, 2007 Martinez attended a follow-up appointment with Ravikumar at WWC. At that appointment, she complained to Ravikumar of the numbness in her thigh. Ravikumar allegedly examined her and said, "Well it didn't happen because of the surgery," and informed her that the numbness would go away on its own. (Grievance filing dated March 3, 2007, attached to Complaint.) After further consultation with prison staff, Martinez returned to Ravikumar's office on April 24, 2007. Ravikumar again examined Martinez and informed her that the numbness would go away on its own. This was the last meeting between Martinez and Ravikumar.

Martinez now complains of "permanent nerve damage to [her] upper left thigh area, which has no feeling at all" except for "an occasional feeling of burning or stabbing sensations." (Complaint ¶ III.) She also complains of "hideous and visible scarring of the leg" and "mental anguish." (*Id.* ¶¶ I.C., III.) While the Complaint alleges various actions taken by TCF staff, nurses, and physicians, Ravikumar is the only named defendant in this action.[3] As relief, Martinez seeks "compensatory and punitive damages for the pain and suffering, and mental anguish, and for nothing else the permanent nerve damage on [her] upper thigh and visible ugly scarring." (*Id.* ¶ V.)

---

**1.** The facts below are taken from Martinez's complaint, dated July 21, 2008 ("Complaint"), and the records and documentation attached to it. The Court accepts these facts as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir. 2008).

**2.** Martinez also alleges that in the intervening two-week period, she complained about the numbness to staff at TCF's medical clinic while she received medications, but the staff told her "Don't worry about it, give it some time." (Complaint ¶ I.C.)

**3.** On February 22, 2008, this Court dismissed a similar action filed by Martinez against Ravikumar for failure to exhaust her administrative remedies. *See Martinez v. Ravikumar,* 536 F.Supp.2d 369 (S.D.N.Y.2008). The Court noted there that at the time Martinez filed her lawsuit on June 4, 2007, she had not yet received a response from the Central Office Review Committee ("CORC") on her grievance, and such a response was the final threshold requirement before Martinez could bring her claim to federal court. *Id.* at 371. Martinez received a response from CORC on August 22, 2007, and filed the instant action on August 12, 2008. She therefore exhausted her administrative remedies at the time the Complaint was filed.

Ravikumar moves to dismiss the Complaint pursuant to Rule 12(b)(6), arguing that Martinez does not state a claim upon which relief can be granted. Specifically, Ravikumar argues that to state a § 1983 claim of inadequate medical care in contravention of the Eighth Amendment, Martinez must allege deliberate indifference to a serious medical need—a standard that Martinez has not met. Martinez concedes that the Complaint does not allege deliberate indifference, but contends that such a failure does not void the Complaint.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer sufficient factual allegations making the asserted claim plausible on its face. *See Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Secs. Litig.,* 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (internal quotation marks and citation omitted).

For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). In the case of a pro se litigant, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999)

(citation and internal quotation marks omitted). However, even pro se plaintiffs cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

### B. *THE § 1983 CLAIM*

#### 1. *Legal Standard*

To state a claim under § 1983, Martinez must show that, while acting under color of state law, Ravikumar deprived her of federal constitutional or statutory rights. *See Pabon v. Wright,* 459 F.3d 241, 249 (2d Cir.2006). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

 "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference' to [her] serious medical needs.' " *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (*quoting Estelle,* 429 U.S. at 104, 97 S.Ct. 285). This standard includes both (1) an objective "medical need" element measuring the severity of the alleged deprivation and (2) a subjective "deliberate indifference" element measuring whether the prison official acted with a sufficiently culpable state of mind. *Smith v. Carpenter,* 316 F.3d 178, 183–84 (2d Cir.2003).

 The objective prong requires that the complainant's medical condition be "sufficiently serious." *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). The subjective prong requires that the charged official must act with a sufficiently culpable state of mind. *See id.* "The required state of mind, equivalent to criminal recklessness, is that the official 'knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Hemmings v. Gorczyk,* 134 F.3d 104, 108 (2d Cir.1998) (*quoting Hathaway,* 99 F.3d at 553). Thus, to sufficiently state a § 1983 claim, Martinez must allege that Ravikumar knew of and disregarded an excessive risk to her health and safety.

### 2. *Application*

■ In the Complaint, Martinez alleges that Ravikumar "hit a nerve or something" in her leg before the closing of the incision, resulting in permanent nerve damage, scarring, and difficulty in walking. (Complaint ¶ I.C.) She further alleges that during both follow-up examinations, Ravikumar concluded that the numbness would go away on its own. Martinez essentially claims that Ravikumar was negligent in performing surgery on her leg and failing to properly treat her during follow-up examinations.

■ Even if Ravikumar had been negligent in performing the surgery and failed to appropriately diagnose or treat the injury on the follow-up visits, Martinez has not sufficiently alleged a violation of the Eighth Amendment. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle,* 429 U.S. at 106, 97 S.Ct. 285; *see also Pabon v. Goord,* No. 99 Civ. 5869, 2003 WL 1787268, at *3 (S.D.N.Y. Mar. 28, 2003) ("[S]imple negligence, or an inadvertent failure to provide adequate medical care, even if it amounts to medical malpractice, is insufficient to establish deliberate indifference, or any other constitutional deprivation."). Further, "[i]t is well-established that mere disagreement over the proper treatment does not create a

constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir.1998).

Martinez does not allege that Ravikumar knew of and disregarded an excessive risk to her health and safety while conducting the surgery, nor does she alleged that he knew or should have known that the numbness would not go away on its own. Rather, she alleges that Ravikumar's treatment and diagnoses were not effective. At most, Martinez alleges that Ravikumar was negligent in his performance of the surgery and subsequent examinations. Such allegations do not give rise to a valid claim of medical mistreatment under the Eighth Amendment. Martinez admits as much in her memorandum opposing Ravikumar's motion to dismiss, posturing her claim as a negligence action and conceding that she "failed to utilize the deliberate indifference argument." (Reply to Motion to Dismiss, dated February 25, 2009 ("Opposition"), at 1.)

The Court therefore dismisses Martinez's complaint. The Court will not grant Martinez leave to file an amended complaint because Martinez was already made aware of the legal standards that the Court has just applied when Martinez brought a previous suit based on these facts. The order by Judge Kimba Wood directing Martinez to file an amended complaint in the previous suit described the deliberate indifference standard and its objective and subjective components. (*See Martinez v. Ravikumar,* No. 07 Civ. 4687, Docket No. 3, Order, dated June 4, 2007.) The order also advised Martinez that "[t]he inadvertent failure to provide adequate care or negligence in diagnosing or treating a medical condition is insufficient to meet the deliberate indifference stan-

dard." (*Id.* at 2.) Martinez's previous suit was eventually dismissed because Martinez had failed to exhaust her administrative remedies at the time the complaint in that suit was filed. *See Martinez v. Ravikumar*, 536 F.Supp.2d 369 (S.D.N.Y.2008). Because Martinez has already had two opportunities to file a complaint that satisfies the standards outlined by Judge Wood's order, the Court dismisses Martinez's complaint with prejudice.

## C. *REMAINING CLAIMS AND DEFENSES*

While Martinez has not clearly asserted a claim for negligence or medical malpractice under state law, the Court is mindful that it should construe Martinez's pleadings liberally. *See McPherson*, 174 F.3d at 280. Indeed, Martinez's memorandum in opposition to Ravikumar's motion to dismiss suggests that she intended to assert state law claims of negligence and medical malpractice. (*See* Opposition at 1 (negligence), 3 (medical malpractice).) However, even if the Court were to construe the Complaint as alleging such state law claims, dismissal of the federal claim deprives the Court of jurisdiction over any remaining state law claims, and where federal claims are eliminated in the early stages of litigation, federal courts "should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Board of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir.2006). The Court therefore dismisses these claims without prejudice, to the extent such claims may exist.

In addition, because the Court grants Ravikumar's motion to dismiss, the Court does not address Ravikumar's arguments regarding the defense of qualified immunity.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 2) of defendant Sundaram Ravikumar to dismiss the Complaint is GRANTED without prejudice.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

## *AMENDED ORDER*

In a Decision and Order dated May 14, 2009, the Court granted a motion to dismiss with prejudice the Complaint in this action, with respect to the claim under 42 U.S.C. § 1983. However, the Order portion of the Decision and Order erroneously stated that the motion to dismiss was granted without prejudice. Accordingly, it is hereby

**ORDERED** that the motion (Docket No. 2) of defendant Sundaram Ravikumar to dismiss the Complaint is GRANTED with prejudice, with respect to the claim for relief under 42 U.S.C. § 1983. The dismissal is without prejudice as to any state law claims arising from the facts alleged here.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**