10-491
Goris v. Breslin

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand and ten.

PRESENT: WILFRED FEINBERG,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

SIMON GORIS,

*Plaintiff-Appellant*,

-v.-                                        10-0491-pr

D. BRESLIN, DR. THEBAUD, DR. HAIDER-SHAH, GAIL BUSWELL, DR. LESTER WRIGHT, PUBLIC ADMINISTRATOR OF SUFFOLK COUNTY,

*Defendants-Appellees.**

_____

---

\* The Clerk of the Court is directed to amend the official caption in this matter to conform with that of this order.

FOR APPELLANT:        RICHARD D. OWENS, (John D. Castiglione, Aaron M. Singer, *on the brief*), Latham & Watkins LLP, New York, NY.

FOR APPELLEE:        DAVID LAWRENCE III, Assistant Solicitor General, *of counsel*, (Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Simon Goris commenced this civil rights action pursuant to 42 U.S.C. § 1983 against a number of individuals, including Dr. Francois Thebaud,[1] a physician at Arthur Kill Correctional Facility, Dr. Syed Haider-Shah, a physician at Marcy Correctional Facility, and Dr. Lester Wright, Deputy Commissioner and Chief Medical Officer of the New York State Department of Correctional Services.  Goris contends that the defendants were deliberately indifferent

---

[1] Dr. Thebaud passed away in August of 2008, and in March of 2009 the Public Administrator of Suffolk County was added as a defendant in his stead.  For convenience in this order, we simply use "Dr. Thebaud" to refer to those claims that now lie against his estate.

2

to his medical needs, in violation of the Eighth Amendment to the United States Constitution, following a knee injury that he suffered while incarcerated at the Arthur Kill facility in February of 2003.

By memoranda and orders dated July 6, 2009 and January 26, 2010, the United States District Court for the Eastern District of New York granted summary judgment to the defendants and dismissed Goris's complaint. *Goris v. Breslin* ("*Goris I*"), No. 04-5666, 2009 WL 1955607 (E.D.N.Y. July 6, 2009); *Goris v. Breslin* ("*Goris II*"), No. 04-5666, 2010 WL 376626 (E.D.N.Y. Jan. 26, 2010). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Following a *de novo* review, "[e]xamining the facts in the light most favorable to [Goris] and resolving all factual ambiguities in [his] favor," *Pyke v. Cuomo*, 567 F.3d 74, 76 (2d Cir. 2009) (per curiam), we conclude that the district court properly granted the defendants' motions for summary judgment.

At the outset, we affirm the district court's determination that Dr. Wright is entitled to summary judgment, because Goris failed to demonstrate that Dr.

3

Wright was sufficiently involved in the alleged constitutional violation to establish liability pursuant to § 1983. *Goris I*, 2009 WL 1955607, at *7. The record shows that Dr. Wright's personal involvement was limited to the receipt of two letters from Goris, which he promptly referred to other individuals for investigation and response. Accordingly, Goris has failed to establish the requisite personal involvement on Dr. Wright's part, and the district court properly granted summary judgment in Dr. Wright's favor. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

We also affirm the district court's grant of summary judgment to Dr. Thebaud and Dr. Haider-Shah, albeit for different reasons than relied upon by that court.[2] *See Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (per curiam) ("[W]e may affirm on any basis for which there is sufficient support in the record, including grounds not relied upon by the District Court."). The district court concluded that both Dr. Thebaud and Dr. Haider-Shah were

---

[2] Goris does not challenge the district court's grant of summary judgment to defendants Breslin and Buswell, and we therefore do not reach the merits of those claims. *See, e.g., In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2008) (argument not raised on appeal waived).

4

entitled to summary judgment because Goris failed to satisfy the "subjective prong" of the deliberate indifference standard, under which a plaintiff must establish that the defendant denied treatment with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). But we need not reach the subjective prong, because Goris has failed to demonstrate that the alleged deprivation was "sufficiently serious," as an objective matter, to be actionable under the Eighth Amendment.

To prevail on a deliberate indifference claim, a prisoner must first demonstrate "that the alleged deprivation of medical treatment is, in objective terms, 'sufficiently serious' — that is, the prisoner must prove that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)). Moreover, "[i]n cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Where, as here, "the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay

5

or interruption in that treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Id.* (internal quotation marks and alterations omitted). Stated differently, "it's the particular risk of harm faced by the prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

With those principles in mind, we conclude that the deficiencies alleged by Goris are insufficient to establish a constitutional violation premised upon deliberate indifference. The factual record, taken in the light most favorable to Goris, supports his allegations of deliberate indifference premised upon the following acts and omissions: (1) Dr. Thebaud's refusal to prescribe surgery instead of physical therapy; (2) Dr. Thebaud's failure to more expeditiously arrange a follow-up with an orthopedist between February and July of 2004; and (3) Dr. Haider-Shah's refusal to prescribe surgery, or refer Goris to a physical therapist or orthopedist, between August and December of

6

2004.

Yet those alleged deficiencies, even if proven, do not establish a violation of the Eighth Amendment. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). And, "in most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Smith*, 316 F.3d at 187.

Although Goris has alleged that an unspecified orthopedist "indicated that [he] needed surgery for [his] knee," J.A. 280, there is no record evidence to support that assertion — to be sure, the record is devoid of any documentary evidence that surgery was ever recommended for Goris during the relevant time frame. And, when surgery was ultimately conducted in September of 2005, the surgeon found no ACL tear or meniscal pathology. The record further shows that Goris responded well to physical therapy; in January of

7

2004, Goris reported that his knee felt better and was no longer buckling, and in March of 2004, Goris's medical records reflect that he had "good improvement," an increase in strength and a decrease in pain. In August of 2004, Dr. Haider-Shah's examination of Goris's knee revealed no physical findings warranting an orthopedic referral. Finally, Dr. Haider-Shah's failure to refer Goris to a physical therapist between August and December of 2004, even if arguably amounting to malpractice, is hardly a deprivation "sufficiently grave" to constitute an Eighth Amendment violation, *see Salahuddin*, 467 F.3d at 279-80, especially considering that many, if not all, of the exercises that Goris would have conducted at physical therapy he was capable of doing on his own, *see, e.g., Hernandez v. Keane*, 341 F.3d 137, 147 (2d Cir. 2003) (finding relevant that "plaintiff was given instructions by several doctors on how to perform the necessary therapy" on his own).

We have considered Goris's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk