*Christopher Nazario v. Nicole Thibeault*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

CHRISTOPHER NAZARIO,

> *Plaintiff-Appellee*,

v.

22-1657

NICOLE THIBEAULT,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | LISAMARIA T. PROSCINO, Assistant Attorney General (Janelle R. Medeiros, Assistant Attorney General, *on the brief*), *on behalf of* William Tong, Attorney General of the State of Connecticut. |
| For Plaintiff-Appellee: | ATHUL K. ACHARYA, Public Accountability, Portland, OR. |

Appeal from an order of the U.S. District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** and the matter **REMANDED** for further proceedings consistent with this Order.

Defendant-Appellant Nicole Thibeault, former Deputy Warden at Osborn Correctional Institution ("Osborn"), appeals from a June 30, 2022 order of the United States District Court for the District of Connecticut (Bryant, *J.*) denying her summary judgment based on qualified immunity. Thibeault sought immunity from Plaintiff-Appellee Christopher Nazario's claims under federal law for violation of his Eighth Amendment rights in connection with pandemic-related measures instituted at Osborn in the early months of the Covid-19 pandemic. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     Jurisdiction**

This Court generally lacks jurisdiction to review the denial of a motion for summary judgment because it is not an immediately appealable final judgment under 28 U.S.C. § 1291. *See Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007); *Johnson v. Jones*, 515 U.S. 304, 309 (1995). However, an exception to this general rule lies under the collateral order doctrine when the summary judgment motion is based on a qualified immunity claim and presents a "purely legal question." *Walczyk*, 496 F.3d at 153 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

Where, as here, a district court denies qualified immunity, a defendant may not immediately appeal questions of "evidence sufficiency, *i.e.,* which facts a party may, or may not, be able to prove at trial" because such a determination is not a "final decision" within the meaning of the applicable statute. *Johnson*, 515 U.S. at 313 (internal quotation marks omitted).

2

However, the presence of disputed issues of fact does not preclude this Court's review. "[A]s long as the defendant can support an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution, an interlocutory appeal is available to assert that an immunity defense is established as a matter of law." *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir. 1996). We review the district court's denial of summary judgment on qualified immunity grounds *de novo*, *see Golodner v. Berliner*, 770 F.3d 196, 201 (2d Cir. 2014), viewing the evidence in the light most favorable to the nonmoving party, *see Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014).

Here, Thibeault contends that, even under Nazario's version of the facts, Thibeault is entitled to qualified immunity at the summary judgment stage. As set out below, we disagree. We affirm substantially for the same reasons stated in the district court's opinion.

## II. Qualified Immunity

Qualified immunity is intended to protect officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). We apply "a two-step sequence for resolving government officials' qualified immunity claims." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). This Court must consider whether: "(1) . . . the official violated a statutory or constitutional right, and (2) . . . the right was clearly established at the time of the challenged conduct." *Ricciuti v. Gyzenis*, 834 F.3d 162, 167 (2d Cir. 2016) (internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Both steps must be satisfied to establish qualified immunity, and this Court may "exercise [its] sound discretion in deciding which [step] . . . should be addressed first." *Edrei v. Maguire*, 892 F.3d 525, 532–33 (2d Cir. 2018) (quoting *Pearson*, 555 U.S. at 236).

We begin with the second prong of the test. For a constitutional right to be clearly established, it must be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). In *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Supreme Court held that deliberate indifference to a prisoner's "serious medical needs" constitutes cruel and unusual punishment in contravention of the Eighth Amendment. Likewise, it concluded in *Helling v. McKinney*, 509 U.S. 25, 33 (1993), that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease" based on the lack of present symptoms. *See also Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) (recognizing "correctional officials have an affirmative obligation to protect inmates from infectious disease"); *Lareau v. Manson*, 651 F.2d 96, 109 (2d Cir. 1981) (holding that the failure to adequately screen newly arrived inmates for communicable diseases would violate the Eighth Amendment "since it represents an '(omission) sufficiently harmful to evidence deliberate indifference to serious medical needs'" (quoting *Estelle*, 429 U.S. at 106)). Thibeault argues that a reasonable official in her position would not have understood that her conduct in the pandemic's early stages violated this right, but we agree with the district court that open material issues of fact preclude this conclusion on the present record.

On the first prong, we reach a similar determination as to whether Thibeault's conduct in fact violated Nazario's constitutional rights. To violate the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. This inquiry involves both an objective and subjective prong. *See Matzell v. Annucci*, 64 F.4th 425, 435 (2d Cir. 2023). The objective requirement states that the alleged deprivation must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he prisoner must prove that his medical need was 'a condition of urgency, one that

4

may produce death, degeneration, or extreme pain.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)). The subjective prong states that the prison official must act with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The plaintiff must prove that the official "had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020).

Thibeault argues that she is entitled to qualified immunity because she followed the advice of medical professionals in responding to Covid-19 in the early days of the pandemic. This argument misapprehends Nazario's claims. Here, we rely on Nazario's version of the facts that the district court deemed available for jury resolution. Nazario claims, among other things, that Thibeault knew there were inmates in E-Block exhibiting Covid-19 symptoms and disregarded medical advice by transferring him there. Therefore, we assume that the district court correctly concluded that a reasonable jury could find that Osborn failed to follow Department of Correction ("DOC") Covid-19 policies, including policies regarding the quarantine of inmates with Covid-19 housed in E-Block; that Thibeault knew of Covid-19 positive and/or symptomatic inmates in E-Block and disregarded the risk associated with Nazario's transfer there; and that Thibeault failed to provide Nazario with personal protective equipment ("PPE") knowing that Nazario was at heightened risk of contracting Covid-19 because he lacked the necessary PPE to perform his laundry job.

To be sure, we have considered the most favorable version of the facts, from Nazario's perspective, that the district court deemed available, as we must for purposes of assessing Thibeault's entitlement to qualified immunity at this stage. We express no view on the sufficiency of the evidence, on the likely resolution of factual disputes between the parties, or on

the question of whether Thibeault may be entitled to qualified immunity at a later date. *See Ortiz v. Jordan*, 562 U.S. 180, 184 (2011) (noting that the qualified immunity defense "remains available to the defending officials at trial" when it is "evaluated in light of the character and quality of the evidence received in court"). This order does not foreclose Thibeault from raising timely legal challenges regarding the sufficiency of the evidence or qualified immunity at a later stage before the district court or on appeal from a final judgment. In sum, we determine only that Thibeault is not entitled to qualified immunity at this time.

We have considered Thibeault's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk