**Raymond Eddie PRINCE, Plaintiff,**

v.

**Dr. Michael LATUNJI,
et al., Defendants.**

No. 10 Civ. 1248(VM).

United States District Court,
S.D. New York.

Sept. 27, 2010.

Raymond Eddie Prince, East Elmhurst, NY, for Plaintiff.

Virginia Jackson Nimick, Heidell, Pittoni, Murphy & Bach, LLP, Damien Smith, Kaufman, Borgeest & Ryan, LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Raymond Eddie Prince ("Prince") brought this action pursuant to 42 U.S.C. § 1983 (" § 1983") against Dr. Michael Latunji ("Latunji"), Dr. Mohammad Yazdanie ("Yazdanie"), "Physician assistant, Walker," "Chief Medical Doctor," Dr. Lisa Nason, sued as "Lisa (Nason or Mason)," ("Nason") (collectively, "Defendants"). The Complaint alleges violations of Prince's constitutional and statutory rights arising from injuries he allegedly sustained during his effort to stop a fight at New York City's Riker's Island Correctional Facility ("Riker's"), where Prince was then incarcerated. (*See* Plaintiff's Complaint, dated December 30, 2009 ("Compl."), at 3.)

By Order dated July 12, 2010, the Court directed Prince to show cause, by July 23, 2010, why his Complaint should not be dismissed for failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). (*See* Order to Show Cause, *Prince v. Latunji*, No. 10 Civ. 1248 (Docket No. 20) (July 12, 2010)). By Order dated July 20, 2010, the Court granted Prince a 30–day extension, until August 19, 2010, to respond to this motion. (*See id.* (Docket No. 24) (July 20, 2010)). Prince has not responded to this Order and missed the deadline to do so. Defendants Latunji, Yazdanie, and Nason now move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

For the reasons discussed below, the motion to dismiss is GRANTED. The Court also sua sponte DISMISSES the Complaint as to Walker and Chief Medical Doctor.

## I. BACKGROUND [1]

Prince alleges that at approximately 1:00 a.m. on August 18, 2009, while attempting to break up a fight between inmates at Riker's, he injured his left pinky finger. Latunji treated Prince at approximately 8:50 a.m. that same day and ordered an X-ray, which revealed a fracture at the base of the pinky finger. Latunji and Yazdanie also co-signed a Consultation Request indicating Prince required further treatment.

Prince alleges that between his initial treatment on August 19, 2009 and his follow-up care on August 31, 2009 [2], Latunji and Yazdanie failed to treat Prince's "severe and urgent medical need" and that he endured "extreme pain" in his hand.

[1]. In deciding a motion to dismiss, the Court may consider any documents that are attached to, referenced in, or integral to the preparation of the pleadings. *See Miller v. Lazard, Ltd.,* 473 F.Supp.2d 571, 578 (S.D.N.Y.2007). The Court accepts all well-pleaded facts in the non-movant's pleading as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir.2008).

[2]. Prince refers to this date as August 31, 2009 in his Complaint, although defendants Latunji and Yazdanie refer to this date as September 2, 2009.

(Compl. at 3.) He accused Chief Medical Doctor of being "grossly negligent in supervising his subordinates." *Id.* Prince's only reference to Walker is that Walker noted Prince's finger fracture in his medical folder, and he makes no specific factual allegations against Nason. *Id.* In a July 7, 2010 affidavit submitted in support of her motion to dismiss, Nason stated that on September 2, 2009, she was working at Riker's Island and was scheduled to give Prince an orthopedic consultation. (*See* Affidavit of Lisa Nason dated July 7, 2010, at 1–2.) Prince did not appear for the consultation and Nason noted that Prince needed a new appointment, but she never had any contact with him. *Id.* Nason states that she had no control over the scheduling of patients or who was treated on a particular day. *Id.* Prince's only reference to Walker is that Walker noted Prince's finger fracture in his medical folder. *Id.*

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

To survive dismissal, Prince "must assert a cognizable claim and allege facts that, if true, would support such a claim." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). In evaluating whether Prince has met these requirements, complaints prepared pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Id.* (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004); *see also Flaherty v.*

*Lang*, 199 F.3d 607, 612 (2d Cir.1999). To survive a Rule 12(b)(6) motion to dismiss, however, a pro se plaintiff's factual allegations still must be at least "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

To state a claim under § 1983, Prince must show that while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights. *See Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir.2006). Deliberate indifference to the medical needs of a pretrial detainee in state custody may in certain circumstances give rise to a cognizable claim under the Due Process Clause of the Fourteenth Amendment.[3] *See Caiozzo*, 581 F.3d at 69.

### B. *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

The PLRA states in relevant part that "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This administrative exhaustion requirement "[a]pplies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also Ortiz v. McBride*, 380 F.3d 649, 656 (2d Cir.2004). This definition includes claims of inadequate medical care. *See Neal v. Goord*, 267 F.3d 116, 119 (2d Cir.2001). That

---

**3.** The circumstances of Prince's detention at Riker's Island and whether he was a pretrial or post-conviction detainee are not clear. Regardless, the analysis of a claim for deliberate indifference to medical needs is the same as applied to a convicted detainee under the Eight Amendment as to a pretrial detainee under the Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 70 (2d. Cir.2009).

Prince has sued Defendants in their individual capacities under § 1983 does not absolve him of the exhaustion requirement. *See Porter,* 534 U.S. at 532, 122 S.Ct. 983 (holding that exhaustion requirement applies where prison official is sued in his individual capacity under § 1983).

■ The New York City Department of Correction's Inmate Grievance Resolution Program ("IGRP") consists of five levels of review for inmate grievances, all of which must be exhausted for a prisoner to meet the exhaustion requirement. *See Houston v. Horn,* No. 09 Civ. 801, 2010 WL 1948612, *5–6 (S.D.N.Y. May 13, 2010) (citing DOC Directive 3375R–A, § IV(B)). Prince never initiated the grievance procedure with DOC. In his Complaint, Prince states that he did not have a grievable issue until he knew his hand was broken on August 31, 2009, and that by that point there were no administrative remedies available to him. (Compl. at 5.) He claims the grievance program does not investigate medical department situations, but the PLRA's exhaustion requirements squarely include complaints of inadequate medical treatment. *See Neal,* 267 F.3d at 119 (holding that complaints of poor medical treatment are "ordinary garden variety complaints about 'prison conditions'" covered by PLRA exhaustion requirement). Under the IGRP, Prince had ten days from the date of the alleged injury related to his confinement to file a grievance. *See* DOC Directive 2275R–A, § IV(B)(1)(a). His failure to even initiate the grievance procedure prohibits him from bringing an action in Federal Court. Accordingly, the Court must dismiss Prince's Complaint pursuant to the PLRA.[4]

### C. *DELIBERATE INDIFFERENCE*

■ Even assuming Prince had properly exhausted his administrative remedies, the Court cannot find that he has stated a sufficient § 1983 claim. "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference' to [his] serious medical needs." *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (*quoting Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). This standard includes both (1) an objective "medical need" element measuring the severity of the alleged deprivation, and (2) a subjective "deliberate indifference" element measuring whether the prison official acted with a sufficiently culpable state of mind. *See Smith v. Carpenter,* 316 F.3d 178, 183–84 (2d Cir.2003).

The objective prong requires that the complainant's medical condition be "sufficiently serious." *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). The subjective prong requires that the charged official must act with a sufficiently culpable state of mind. *See id.* "The required state of mind, equivalent to criminal recklessness, is that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Hemmings v. Gorczyk,* 134 F.3d 104, 108 (2d Cir.1998) (*quoting Hathaway,* 99 F.3d at 553). Thus, to state a § 1983 claim, Prince must allege that Defendants knew of and disregarded an excessive risk to his health or safety.

---

4. Additionally, Nason alleges that she was not properly served with personal notice of this Complaint as required by Federal Rule of Civil Procedure 4(e). (*See* Nason affid. at 2.) It is also unclear if Walker and Chief Medical Doctor were properly served. (*See* Memorandum of Law in Support of Defendants Michael Latunji, M.D. and Mohammad Yazdanie, at 1 n. 1.)

Prince's claim is essentially one of negligence: he alleges that Defendants delayed treatment of his broken pinky for approximately two weeks and failed to manage his pain during this period. (Compl. at 3.) Even if Defendants had been negligent in their treatment of Prince, such a claim would not be sufficient to allege a violation of the Eighth or Fourteenth Amendments. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Pabon v. Goord,* No. 99 Civ. 5869, 2003 WL 1787268, at *3 (S.D.N.Y. Mar. 28, 2003) ("[S]imple negligence, or an inadvertent failure to provide adequate medical care, even if it amounts to medical malpractice, is insufficient to establish deliberate indifference."). At most, Prince alleges that Defendants were negligent because "there was nothing else done by [Defendants] to ensure [he] was given treatment for this severe and urgent medical need." (*See* Compl. at 3.) Because allegations that a physician was negligent in treating a prisoner fail to state a claim of deliberate indifference, Prince does not state a valid claim of medical mistreatment under the Fourteen or Eight Amendments. *See Pabon,* 2003 WL 1787268, at *3.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendants Dr. Michael Latunji ("Latunji"); Dr. Mohammad Yazdanie ("Yazdanie"); and Dr. Lisa Nason, sued as "Lisa (Nason or Mason)," ("Nason") is GRANTED. Because the deficiencies in the Complaint apply with equal force to the claims against defendants "Physician assistant, Walker;" and "Chief Medical Doctor," the Court sua sponte DISMISSES the Complaint against these defendants; and it is further

**ORDERED** that the Complaint of plaintiff Raymond Eddie Prince("Prince") is DISMISSED with prejudice.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**