09-1473-pr
Adekoya v. Federal Bureau of Prisons

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
             *Circuit Judges.*[*]

------------------------------------------------------------------

PRINCE A.Z.K. ADEKOYA II, ALSO KNOWN
AS PRINCE KAYODE ADEKOYA,

             *Plaintiff-Appellant*,                    AMENDED

                v.                                     No. 09-1473-pr

FEDERAL BUREAU OF PRISONS, UNITED
STATES OF AMERICA, MARVIN D. MORRISON,
FORMER WARDEN METROPOLITAN
CORRECTIONAL CENTER, LIEUTENANT ARIES,
METROPOLITAN CORRECTIONAL CENTER,
OFFICER CAMACHO, METROPOLITAN
CORRECTIONAL CENTER, OFFICER MENDEZ,
METROPOLITAN CORRECTIONAL CENTER,

---

[*] The Honorable Rosemary S. Pooler, who was a member of this panel, has removed herself from hearing and consideration of this appeal. The remaining two panel members, who agree on the disposition, decide this appeal pursuant to Second Circuit Internal Operating Procedure E(b).

*Defendants-Appellees.*[**]

----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Prince A.Z.K. Adekoya II, *pro se*, New York, New York. |
| FOR DEFENDANTS-APPELLEES: | Brandon H. Cowart, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 30, 2009 judgment of the district court is AFFIRMED.

Prince A.Z.K. Adekoya II appeals pro se from an award of summary judgment in favor of defendants on this civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for damages sustained to personal property as a result of flooding in a prison storeroom. Specifically, Adekoya challenges the district court's conclusions that (1) sovereign immunity barred his FTCA claim and (2) a failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), precluded his Bivens claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary

---

[**] The Clerk of Court is directed to amend the caption to read as shown.

2

to explain our decision to affirm.

Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review an award of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We also review de novo legal determinations such as the lack of subject matter jurisdiction, see Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000), and a failure to exhaust administrative remedies, see Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009).

The FTCA effects a limited waiver of the federal government's sovereign immunity against civil actions for damages based on "loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The waiver does not apply, however, to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer," except where property is "seized for the purpose of forfeiture" and additional requirements, not relevant here, are satisfied. Id. § 2680(c).

We agree with the district court that sovereign immunity barred Adekoya's claim under the FTCA both because Adekoya sought to recover based on damage to property during its detention by law enforcement officers, see Ali v. Fed. Bureau of Prisons, 552 U.S.

3

214, 227-28 (2008) (construing § 2680(c) broadly to cover all law enforcement officers), and because his property was not seized for the purpose of forfeiture. We therefore affirm the grant of summary judgment on Adekoya's FTCA claim.

The PLRA's requirement that prison inmates exhaust administrative remedies prior to seeking relief in federal court, see 42 U.S.C. § 1997e(a), "applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust may be excused only where (1) administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances . . . justify the prisoner's failure to comply with administrative procedural requirements." Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation marks omitted).

Upon de novo review, we agree with the district court that Adekoya's Bivens claim is barred by his failure to exhaust his administrative remedies. It is undisputed that Adekoya never filed an administrative grievance regarding his allegedly damaged property, and his filing of administrative tort claims is insufficient to satisfy the PLRA's exhaustion requirement. See Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007). Nor does the record demonstrate that administrative remedies were unavailable to Adekoya, or that defendants' actions support a finding of estoppel or "special circumstances" sufficient to excuse Adekoya's failure to exhaust. See Hemphill v. New York, 380 F.3d at 686.

Even if we were to conclude, which we do not, that one of the three Hemphill

4

requirements was satisfied by prison officials' reasonable recommendation, offered prior to the Supreme Court's decision in <u>Ali</u>, that Adekoya file an administrative tort claim, we would affirm the grant of summary judgment. Adekoya's complaint states that damage to his property resulted from "the negligence of the defendants that knowingly and intentionally fail[ed] to repair, secure, or protect the storage room against flood." To the extent Adekoya alleges negligence, he fails to state a Fifth Amendment due process claim, <u>see</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986), and his bare allegation of intentional misconduct is insufficient to permit him to avoid summary judgment, <u>see</u> <u>Davis v. New York</u>, 316 F.3d 93, 100 (2d Cir. 2002).[1]

We have considered Adekoya's other arguments, and we conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Although Adekoya's brief in opposition to summary judgment also invokes the Fourth and Eighth Amendments, he has alleged no injury cognizable under either provision. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 525-26 (1984); <u>Trammell v. Keane</u>, 338 F.3d 155, 161 (2d Cir. 2003).