08-3725-pr
Adekoya v. Federal Bureau of Prisons

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*,
>
> MIRIAM GOLDMAN CEDARBAUM,[*]
> > *District Judge*.

---

Prince A.Z.K. Adekoya II, also known as
Prince Kayode Adekoya,

> *Plaintiff-Appellant*,

> v.                                                                          08-3725-pr

Federal Bureau of Prisons, *et al.*,

> *Defendants-Appellees*.

---

FOR APPELLANT:          Prince A.Z.K. Adekoya II, *pro se*, New York,  N.Y.

FOR APPELLEES:          Brandon H. Cowart, Sarah S. Normand, Assistant United States

---

[*]Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Attorneys for the Southern District of New York, New York, N.Y.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**, that the judgment of the district court be and hereby is **AFFIRMED**.

Appellant Prince A.Z.K. Adekoya II, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting Appellees' motion for summary judgment and dismissing Appellant's amended complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).

To the extent Appellant raises claims in tort against the Bureau of Prisons ("BOP") for the negligent or intentional loss of his personal property, the Federal Tort Claims Act ("FTCA") provides a limited waiver of the federal government's sovereign immunity and grants the federal courts exclusive jurisdiction over "civil actions on claims against the United States, for money damages, . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). However, the FTCA explicitly excludes from the waiver of sovereign immunity any claim "arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer," unless the claim concerns property that was "seized for the purpose of forfeiture" and the claim meets additional requirements not relevant here. 28 U.S.C. § 2680(c). Here

2

Appellant's claims sought recovery for personal property that was allegedly damaged or went missing while being held in the custody of correctional officers. Dist. Ct. Doc. No. 41 at 4. For that reason, as the district court ruled, there is no subject matter jurisdiction for relief under the FTCA. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 227-28 (2008) (holding that claims against correctional officers accused of mishandling property fall within the exception to the United States' waiver of sovereign immunity under the FTCA). In addition, Appellant failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), nor does he fall within any of the exceptions to the PLRA's exhaustion requirement. *See, e.g., Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (recognizing three exceptions to the exhaustion requirement under the PLRA).

With respect to Appellant's claims against the federal defendants in their individual capacities, he fails to state a claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Appellant's amended complaint asserted violations of his Fourth, Fifth, and Eighth Amendment rights. Dist. Ct. Doc. No. 25 at 3a. As the district court observed, Appellant's amended complaint provided no basis for finding a violation of his Fourth Amendment rights. Dist. Ct. Doc. No. 41 at 11. With respect to his Fifth Amendment claims, Appellant's amended complaint asserted that he was deprived of his property without due process of law. Dist. Ct. Doc. No. 25 at 3-3a. However, although a plaintiff may bring a *Bivens* action against individual federal agents who intentionally deprive him of his property without due process of law, a negligent deprivation is insufficient and not actionable. *See Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir. 1998). Here, there is no support for the contention that the Appellees intentionally deprived Appellant of his property because Appellant "specifically

state[d that] the circumstances surrounding the alleged violations arose 'out of negligence.'"
Dist. Ct. Doc. No. 41 at 12.

Finally, to the extent Appellant argues that Appellees violated his Eighth Amendment rights, he appears to ground this claim in allegations that he was denied "proper and adequate shower and sleep," and that "for no just reasons [he] started to experience dizziness." *Id.* These cursory allegations fail to establish that the Appellees were deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

We have considered all of Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk